1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TERRANCE E. WILLIAMS,

Plaintiff,

v.

STATE OF NEVADA, et.al.,

Defendants.

Case No. 3:23-CV-00581-ART-CLB

ORDER

11
12
13
14
15
16

Plaintiff Terrance Williams ("Williams") brings this action against Defendants State of Nevada and Chief District Attorney Kelly Kossow ("Defendants") under U.S.C § 1983, alleging claims related to his pretrial detention in the local jail since his arrest on August 29, 2023, and asserting that he had not had a preliminary hearing at the time the complaint was filed on December 1, 2023.

17
18
19
20
21
22
23
24

Before the Court is Plaintiff's application to proceed *in forma pauperis*, (ECF No. 4), civil rights complaint, (ECF No. 5), motion to submit exhibit, (ECF No. 6), and motion for preliminary injunction (ECF No. 7.) Magistrate Judge Carla L. Baldwin issued a Report and Recommendation ("R&R") (ECF No. 8), recommending that Williams's complaint (ECF No. 5), be dismissed without prejudice and without leave to amend, and that Williams's *in forma pauperis* application, (ECF No. 4), motion to submit exhibit, (ECF No. 6), and the motion for preliminary injunction, (ECF No. 7), be denied as moot.

25
26
27
28

Subsequently, Plaintiff filed a motion to subpoena accounting transactions (ECF No. 9), motion for leave to file amended preliminary injunction (ECF No. 10), and motion to keep exhibit A to add to amended civil complaint (ECF No. 11.) Plaintiff also filed a first amended complaint. (ECF No. 12.)

For the reasons stated, the Court adopts Judge Baldwin's R&R and orders that Williams's complaint (ECF No. 5) be dismissed without prejudice and without leave to amend, and that Williams's *in forma pauperis* application (ECF No. 4), motion to submit exhibit (ECF No. 6), and the motion for preliminary injunction (ECF No. 7) be denied as moot. Additionally, the Court denies as moot Williams's subsequent motions; his motion to subpoena accounting transactions (ECF No. 9), motion for leave to file amended preliminary injunction (ECF No. 10), and motion to keep exhibit A to add to amended civil complaint (ECF No. 11.)

As to Plaintiff's amended complaint, (ECF No. 12), the Court dismisses the amended complaint without prejudice, as it must be filed in a new action.

## I.   Review of Reports and Recommendations

Under the Federal Magistrates Act, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## II.   Analysis

### A. Report & Recommendation

Here, Plaintiff did not object to the Magistrate Judge's R&R, and the Court is thus not required to conduct a review of the issues. In any case, the Court agrees with Judge Baldwins report and recommendation with regards to the screening of Plaintiff's complaint. Under *Younger*, a federal court may not interfere with pending state criminal proceedings, unless there is an extraordinary circumstance creating a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37 (1971). Williams's complaint regarding his pretrial detention

and denial of an attorney visit during said pretrial detention asked the Court to intervene in ongoing state criminal proceedings. Thus, the *Younger* abstention applies and a federal court may not intervene.[1]

The Court also agrees with Judge Baldwin's determination that Williams's claims against the State of Nevada are barred by Eleventh Amendment sovereign immunity, and that Defendant Kelly Kossow is immune from § 1983 actions as a District Attorney. *See Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (federal courts are barred by the Eleventh Amendment from hearing suits brought against an unconsenting state); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430 (1976) (a state prosecutor acting within the scope of duties in initiating and pursuing a criminal prosecution is immune from liability for damages under § 1983).

**B. Plaintiff's Complaint and Subsequent Motions are Moot**

Additionally, the Court finds that Plaintiff's claim regarding his pretrial detention is moot because was eventually released from jail and acquitted after a jury trial in state court.[2] A case is moot when it has "lost its character as a present, live controversy of the kind that must exist if [the court is] to avoid advisory opinions on abstract propositions of law." *Oregon v. FERC*, 636 F.3d 1203, 1206 (9th Cir.2011) (per curiam). The Court takes judicial notice of the fact that Plaintiff had a preliminary hearing on January 3, 2024, and was released on his own recognizance on that date.[3] As such, Williams's complaint regarding his pretrial detention and denial of an attorney visit during his detention is moot.

The Court will dismiss a complaint without leave to amend where

---

[1] While there is an exception to *Younger* under *Gerstein v. Pugh*, 420 U.S. 103, (1975), because the Court finds that Williams's complaint is moot, the Court will not analyze this exception.

[2] The Court takes judicial notice of Plaintiff's acquittal in his state criminal proceeding. *See State vs. Terrance Eugene Williams*, CR23-2159.

[3] *See State of Nevada vs. Terrance Eugene Williams*, Case No. RCR2023-124389.

amendment would be futile. *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). A district court may deny a plaintiff leave to amend if it determines that "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency," *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986). Here, even if Williams amended his complaint to allege additional facts, his claim would still be moot because he had a preliminary hearing, was released from jail, and later acquitted. Thus, any amendment to the complaint would be futile. As such, the Court dismisses his complaint (ECF No. 5) without prejudice and without leave to amend.

Accordingly, Williams's *in forma pauperis* application, (ECF No. 4), motion to submit exhibit, (ECF No. 6), motion for preliminary injunction, (ECF No. 7), motion to subpoena accounting transactions (ECF No. 9), motion for leave to file amended preliminary injunction (ECF No. 10), and motion to keep exhibit A to add to amended civil complaint (ECF No. 11.), are also denied as moot.

### C. New Claims in Plaintiff's Amended Complaint Must be Filed in a Separate Action

In his amended complaint (ECF No. 12), Plaintiff alleges Eighth Amendment retaliation claims, and brings claims related to property, threats to safety, and medical care. (*Id.*) Plaintiff pursues these claims against different defendants than in his original complaint. (*Id.*)

Because the Court adopts the Magistrate Judge's recommendation to dismiss Plaintiff's complaint, and Plaintiff's amended complaint raises several entirely new claims, these claims must be filed in a separate action if Plaintiff wishes to pursue them.

Accordingly, Plaintiff's amended complaint (ECF No. 12) is dismissed without prejudice. If Plaintiff wishes to pursue these claims, he will need to do so in a new lawsuit.

### III.    Conclusion

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 8) is ADOPTED.

It is further ordered that Williams's complaint (ECF No. 5) is DISMISSED AS MOOT WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND.

It is further ordered that Williams's application to proceed *in forma pauperis* (ECF No. 4), motion to submit exhibit (ECF No. 6), motion for preliminary injunction (ECF No. 7), motion to subpoena accounting transactions (ECF No. 9), motion for leave to file amended preliminary injunction (ECF No. 10), and motion to keep exhibit A to add to amended civil complaint (ECF No. 11) are DENIED AS MOOT.

It is further ordered that Williams's first amended complaint (ECF No. 12) is DISMISSED WITHOUT PREJUDICE. Williams may bring these claims in a new action if he wishes to proceed with these claims.

It is further ordered that the Clerk of the Court ENTER JUDGMENT and CLOSE this case.

Dated this 24th day of September, 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE